[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Joseph Nacca ("Nacca") has brought this action CT Page 11318 against Simione, Simione, Scillia and Larrow, LLC; Anthony P. Scillia; Richard C. Simione; Scillia Larrow, P.C.; and Simione and Simione (hereinafter collectively referred to as the "defendants"). Nacca alleges professional negligence, breach of fiduciary duty and unfair trade practices by the defendants arising out of a dispute between Nacca and his former business partners.
This matter comes before the court on the defendants' motion to strike the third count of the Substitute Complaint dated June 16, 1999. The third count alleges violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. ("CUTPA"). The court (Jones, J.) granted a motion to strike the CUTPA count contained in plaintiffs earlier revised complaint dated November 5, 1998. Following Judge Jones' ruling, the plaintiff re-alleged the CUTPA count in the current complaint. See Practice Book § 10-44 (party whose pleading has been stricken may file new pleading within fifteen days of granting of motion to strike). The defendants have again moved to strike the CUTPA count.
The defendants raise the same claim in the current motion to strike as was advanced before Judge Jones, namely that the third count alleges professional negligence against Nacca's accountants and, as such, is beyond the scope of CUTPA. See Haynes v.Yale-New Haven Hospital, 243 Conn. 17, 38 (1997) (CUTPA does not cover claims of professional negligence unless plaintiff alleges a violation of the entrepreneurial or business aspect of the profession); Advest Group, Inc. v. Arthur Anderson, LLP,22 Conn. L. Rptr. 520, Auriegemma J. (July 28, 1998) (Haynes rule applies to accounting profession).
Nacca argues that the current CUTPA count does not merely allege professional negligence but rather unscrupulous conduct that violates the entrepreneurial or business aspect of the defendants' accounting practices.
Nacca asserts that the gist of the CUTPA count is as follows:
Nacca used Richard Simione as his accountant in connection with, inter alia his ownership interest in a business known as Recyclers Consulting Group, Inc. ("RCG"). In 1992, Nacca made inquiry of Simione about financial irregularities that Nacca suspected were occurring at RCG. Simione ignored these inquiries. Thereafter, Nacca brought suit against his partners at RCG. Once CT Page 11319 suit was brought, Simione (and his firm) told Nacca that he could no longer do his accounting work due to a conflict of interest. Simione recommended Anthony Scilla (and his firm) as a replacement. Nacca hired Scilla. Despite the conflict of interest, Simione continued to do the accounting work for RCG and its owners and misused confidential information acquired from Nacca. In addition, unbeknownst to Nacca, Simione and Scilla had plans to merge accounting practices at the time Simione recommended Scilla as a replacement accountant. After being hired by Nacca, Scilla did unprofessional accounting work causing Nacca to settle his lawsuit against RCG for far less than it was worth. Simione and Scilla combined against Nacca to: (1) fraudulently conceal information from him concerning the valuation of RCG and (2) to collect large fees from him to collectively benefit their soon to be merged accounting firms.
Whether these claims can be proven is, of course, a separate matter. At this stage, the court is required to construe the facts in the complaint most favorably to the plaintiff. Faulknerv. United Technologies Corp. , 240 Conn. 576, 580 (1997), including what is necessarily implied from the allegations.Pamela B. v. Ment, 244 Conn., 296, 308 (1998). From this perspective, the CUTPA count alleges a "sweetheart" type arrangement between Simione and Scilla wherein they fraudulently concealed important information from Nacca in connection with the RCG lawsuit, while at the same time collected large fees from him that inured to their mutual benefit due to the impending merger. This is more than an allegation of professional negligence. If proven, it is the type of unscrupulous business practice within the reach of CUTPA.
For the reasons set forth above, the motion to strike is denied.
So Ordered at New Haven, Connecticut this 9th day of August, 1999.
Devlin, J.